UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

COLUMBIA GAS TRANSMISSION
CORPORATION,

                Plaintiff,

           v.

RANDY SAUSCHUCK and BARBARA
SAUSCHUCK,

                Defendants.
-----------------------------------------------------------X

Civil Action No.

**COMPLAINT**

07 CV 136 JUDGE KOELTL

RECEIVED JAN 08 2007 U.S.D.C. S.D.N.Y. CASHIERS

       Plaintiff, Columbia Gas Transmission Corporation ("Columbia"), by its attorneys Reed Smith LLP, as and for its complaint against the defendants, Randy Sauschuck and Barbara Sauschuck ("Sauschuck"), alleges as follows:.

## INTRODUCTION

       1.     Columbia is a natural gas pipeline company that, *inter alia*, transports natural gas to a large segment of New York State's businesses and homes. In connection therewith, Columbia is responsible for the safe and proper maintenance and operation of its natural gas pipelines. Pursuant to a Right-of-Way Agreement entered into in 1947, one segment of Columbia's pipeline traverses a piece of property now owned by Sauschuck—Sauschuck acquired this property in 2004, subject to Columbia's pre-existing right-of-way. In violation of Columbia's rights, Sauschuck have repeatedly crossed the right-of-way pipeline with heavy equipment and deposited fill, including rocks, tree trunks and other debris, thereon. These unauthorized activities create a danger to the public and interferes with Columbia's rights and obligations to safely operate and maintain its pipelines. Sauschuck have refused to cease these activities.

       2.     Accordingly, Columbia now files this complaint for an order and final adjudication compelling Sauschuck: (i) to cease the use of heavy equipment in and across

Columbia's right-of-way; (ii) to remove the excess fill from, and any other encroachments upon, Columbia's right-of-way; and (iii) to prohibit any future encroachments.

## PARTIES

3. Columbia is incorporated under the laws of the State of Delaware with its principal place of business in the State of West Virginia. Columbia is a natural gas pipeline company subject to regulation by the Federal Energy Regulatory Commission ("FERC"), pursuant to the Natural Gas Act, 15 U.S.C. §§ 717-717z, and by the Department of Transportation under the Natural Gas Pipeline Safety Act, 49 U.S.C. §60101, *et seq*. Columbia is engaged in the storage and transportation of natural gas in interstate commerce in New York and other states.

4. Sauschuck reside at 26 Hook Road, Sparrowbrush, New York 12780 and own the real property which is the subject of this action.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) in that this action is between citizens of different states and the matter in controversy exceeds, exclusive of interest and costs, the amount of $75,000.

6. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1331 because this action presents federal questions under the Natural Gas Act and the Natural Gas Pipeline Safety Act and implicates the extensive federal preemption established by those Acts over all matters related to the regulation, operation, and integrity of interstate natural gas facilities, including, but not limited to, interstate gas pipelines.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

8.  Columbia owns a right-of-way across Sauschucks' property for the operation and maintenance of a 10-inch and 14-inch high-pressure gas transmission pipeline and currently operates a 14-inch high-pressure pipeline known as Line K.

9.  The right-of-way for Columbia's Line K across Sauschucks' property was obtained in 1947. A true and correct copy of the Right-of-Way Agreement is attached as Exhibit A.

10. The Right-of-Way Agreement granted Columbia's predecessor-in-interest "the right of way to lay… maintain, operate, remove and remove said lines . . ." Ex. A.

11. Sauschuck acquired the Subject Tract in 2004 subject to Columbia's right-of-way. A true and correct copy of the Deed is attached as Exhibit B.

12. Pursuant to its right-of-way, Columbia owns and operates a high-pressure natural gas pipeline, known as Line K, that runs across the Subject Tract. Columbia is authorized to own and operate Line K pursuant to a certificate of public convenience and necessity issued by FERC.

13. Sauschuck, without authorization, ran and parked heavy equipment, conducted grading within Columbia's right-of-way and placed excess fill within the right-of-way. Such activities present real and present dangers to Columbia's safe and proper operation and maintenance of its pipeline. Sauschuck did not notify Columbia nor obtain Columbia's approval of his intent to cross the pipeline in this manner.

14. Columbia demanded that Sauschuck cease this unauthorized use of and interference with Columbia's right-of-way and demanded the removal of the excess fill from the right-of-way because it impedes Columbia's safe operation and maintenance of its pipeline. Sauschuck refused and was verbally abusive to Columbia's employees.

## **COUNT ONE -- DECLARATORY AND INJUNCTIVE RELIEF**

15.  Paragraphs 1-14 above are incorporated by reference.

16.  Columbia's right-of-way is defined as 12 feet wide, six feet on either side of the pipeline. See Ex. A.

17.  Unauthorized crossing of the right-of-way and the excess fill are encroachments on Columbia's easement and right-of-way which prevents and hinders Columbia from safely operating and maintaining its pipeline, from exercising the rights given to it by the Right-of-Way Agreement and from complying with its obligations under federal law.

18.  The encroachments also create an unreasonable danger to Columbia, its workers and the public, particularly if an emergency should arise and Columbia is prevented or hindered from getting to its pipeline immediately to address an emergency situation.

19.  The encroachments also constitute an unlawful and unreasonable interference and trespass on Columbia's right-of-way and jeopardize the safety of persons and properties in the area of the encroachments.

20.  Sauschuck have refused to cease this unauthorized use of heavy equipment in the right-of-way and crossing of the line, or to remove the encroachments and may continue with the placement and construction of further encroachments.

21.  Columbia has no adequate remedy at law to prevent this imminent, irreparable harm caused by Sauschucks' wrongful conduct.

WHEREFORE, Columbia requests preliminary and permanent declaratory and injunctive relief: (1) requiring Sauschuck and their agents to immediately cease the unauthorized use of heavy equipment in and across the right-of-way; (2) requiring Sauschuck and their agents to remove the existing encroachments from Columbia's right-of-way; and (3) enjoining

Sauschuck in the future from encroaching or otherwise interfering with Columbia's right to safely operate and maintain each pipeline.

## COUNT TWO -- DAMAGES

22. Paragraphs 1-21 above are incorporated by reference.

23. Sauschuck, as the successors in interest to the Right-of-Way Agreement, have breached the agreement with Columbia, causing damages to Columbia that are ongoing and cannot presently be determined.

WHEREFORE, Columbia requests judgment to be entered in its favor and against the defendants at defendants' cost.

Dated:   New York, New York
         January 8, 2007

                            REED SMITH LLP

                            By: _____
                                Scott S. McKessy (SM-5479)
                            599 Lexington Avenue
                            New York, New York  10022
                            (212) 521-5400
                            Counsel for Plaintiff
                            Columbia Gas Transmission Corporation